UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

PATRICIA WENTWORTH,

    Plaintiff,                                      CASE NO.    5:21-cv-00220-TES

v.

DOLLAR GENERAL CORPORATION,

    Defendant.
_____/

MOTION TO TRANSFER ACTION TO GEORGIA SOUTHERN DISTRICT,
STATESBORO DIVISION

    Plaintiff, by her counsel, respectfully requests an Order of this Court directing that this action be transferred to the United States District Court, Southern District of Georgia, Statesboro Division, as venue is properly laid within that District and Division. In support of the requested, Plaintiff says as follows:

MEMORANDUM

    This lawsuit was filed on or about June 30, 2021. The undersigned was ill the evening this action was due to be filed, was at home, unavailable, and had to rely on staff to file the Complaint. Due to miscommunication within the office, the staff was unable, or believed themselves unable, to file this action in the United States District Court, Southern District of Georgia. The staff, concerned about missing a filing deadline, opted to file the action in this District, as a precaution against a potentially fatal, missed filing deadline.

    The Complaint alleges for purposes of venue that Plaintiff is a resident of Georgia, and that Defendant was conducting business in the City of Lyons, Toombs County, Georgia. As Plaintiff

appreciates the geographic boundaries of Georgia federal Districts and Divisions, this action was properly due to be filed in the Statesboro Division of the Southern District, and the Complaint was styled accordingly. Under the federal venue statute, this action was thus properly filed in that division and district. 28 U.S.C. §1391(b)(2), *Venue* (allowing a civil action to be filed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . ."). Further, and pertinent to the relief sought herein, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406(b), *Cure or Waiver of Defects.* Apart from the obvious power of the Court to transfer an action, the law allows a party to make a request that a Court do so. 28 U.S.C. § 1404(b), *Change of Venue* ("Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district"). Plaintiff resides in that Division and District, and that is where Defendant does business pertinent to this action. Further, Plaintiff respectfully believes that all pertinent witnesses are located within the geographic boundaries of the Statesboro Division.

## CONCLUSION

For the reasons outlined herein, Plaintiff respectfully requests that this Court transfer this action to the United States District Court for the Southern District of Georgia, Statesboro Division.

Respectfully submitted,

/s/   Jim Garrity
Jim Garrity [GBN: 121837]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:   (850) 383-4800
Facsimile:    (850) 383-4801
Email: Jim@JimGarrityLaw.com